UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FLEMING,<br><br>                Plaintiff,<br><br>        v.<br><br>S. GATES, et al.,<br><br>                Defendants. | No. 1:24-cv-01439-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 9) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed February 14, 2025.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

1

1  "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §
2  1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

3  A complaint must contain "a short and plain statement of the claim showing that the
4  pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
5  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
6  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
7  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate
8  that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v.
9  Williams, 297 F.3d 930, 934 (9th Cir. 2002).

10  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
11  liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d
12  1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be
13  facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer
14  that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss
15  v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant
16  has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's
17  liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d
18  at 969.

19  ## II.
20  ## COMPLAINT ALLEGATIONS

21  The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the
22  screening requirement under 28 U.S.C. § 1915.

23  On April 22, 2023, officer E. Lopez escorted Plaintiff to the shower.  After Plaintiff was
24  done showering, he was placed in handcuffs.  In order to be handcuffed, inmates must crouch
25  down while putting one leg on the slippery shower ledge at the same time as holding or trying to
26  hold the shower stuff in one arm.  There should have been a shower mat and Gates had
27  knowledge of the possibility someone could fall in the shower due to the lack of a floor mat.
28  Officer Lopez asked Plaintiff what happened and Plaintiff told him that he fell twice and

1   was left on the floor for a few minutes. Officer Lopez then activated the alarm. Plaintiff was left
2   on the floor until sergeant Monje and a few other officers arrived. Sergeant Monje did not
3   immediately tell the officers to get Plaintiff off the shower floor, while handcuffed with the water
4   running. Plaintiff had to get "mad" and ask Monje if officers were going to pick him up. Once
5   Plaintiff was picked up, Monje refused to switch his handcuffs from the back to waist chains.
6   Plaintiff's handcuffs were not replaced until he walked to the administrative segregation unit, and
7   Plaintiff has reason to believe that the bone bruise was due to this fact. Plaintiff went to five
8   sessions of physical therapy even though he still experienced discomfort.

   The Office of Appeals granted Plaintiff's grievance finding the lower-level response did
10  not clearly explain the reasons for the denying the claim.

### III.

### DISCUSSION

**A.   Conditions of Confinement/Slippery Floors**

The " 'treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.' " Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care," and to " 'take reasonable measures to guarantee the safety of the inmates.' " Id.

To establish an Eighth Amendment claim on a condition of confinement, such as an excessive risk to health or safety, a prisoner-plaintiff must show: (1) an objectively, sufficiently serious, deprivation, and (2) that the official was, subjectively, deliberately indifferent to the inmate's health or safety. Id. at 834. The objective prong may be satisfied by the existence of a serious medical need if the failure to address that need "could result in further significant injury or the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks omitted). A defendant is deliberately indifferent if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer, 511 U.S. at 837. The defendant must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but

3

1   he "must also draw the inference." Id. There must be "harm caused by the indifference," although
2   the harm does not need to be substantial. See Jett, 439 F.3d at 1096.

3         Case law is clear that a single defective condition – such as a slippery floor, a leaking
4   roof, or a broken oven – by itself without additional conditions contributing to a threat to an
5   inmate's safety does not create an objectively sufficient and serious condition to implicate the
6   Eighth Amendment. Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996). The Ninth Circuit has
7   held that claims regarding slippery floors, without more, "do not state even an arguable claim for
8   cruel and unusual punishment." Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989),
9   superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th
10  Cir. 2000).  The Ninth Circuit repeatedly has affirmed dismissals of a pro se prisoner's action,
11  where the prisoner complained only of a leaking roof and the resulting accumulation of water on
12  a cell floor. See, e.g., Pickett v. Nooth, No. 17-35305, 2017 WL 4541428, at *1 (9th Cir. July 28,
13  2017) (dismissing appeal as frivolous where plaintiff claimed, inter alia, that he slipped and fell in
14  a puddle caused by a leaky roof); Winnop v. Deschutes Cnty., 471 F. App'x 602 (9th Cir. 2012)
15  (same); Gilman v. Woodford, 269 F. App'x 756 (9th Cir. 2008) ("The district court properly
16  determined that the allegations in Gilman's second amended complaint failed to demonstrate that
17  prison officials' conduct in maintaining the prison roof and floors violated the Eighth
18  Amendment.").

19        The Ninth Circuit finds conditions such as a wet and slippery floor to be "minor safety
20  hazards," which do not violate the Eighth Amendment unless there is some "exacerbating
21  condition[ ] ... which render[s] [the prisoner] unable to 'provide for [his] own safety.' " Osolinski,
22  92 F.3d at 938.  In order to state a cognizable claim for relief, there must be some exacerbating
23  condition in addition to the slippery floor. See Frost v. Agnos, 152 F.3d 1124, 1129 (9th Cir.
24  1998) ("[s]lippery floors without protective measures could create a sufficient danger to warrant
25  relief" when an inmate alleges facts that exacerbate the danger resulting from such conditions).
26  For example, in Frost, the prisoner-plaintiff was forced to traverse a wet and slippery shower
27  floor while on crutches, and thus was unable to balance himself as well as an uninjured person.
28  See Frost, 152 F.3d at 1129.  The Ninth Circuit held that the failure to "provide handicapped-

4

accessible accommodations for a pretrial detainee who wears a leg cast and relies on crutches," combined with the risk posed by the wet shower floor, was sufficient to state an Eighth Amendment violation. Id.

Here, Plaintiff's allegations fail to give rise to a claim for deliberate indifference based on his slip and fall. Although Plaintiff declares that he slipped and fell on water and E. Lopez left him lying on the floor, Plaintiff fails to set forth sufficient factual allegations to demonstrate that any Defendant acted with deliberate indifference to his safety. Indeed, Plaintiff acknowledges that Lopez activated the alarm which prompted additional officers and sergeant Monje to respond. Further, Plaintiff's allegations that he was left on the floor for a few minutes fails to demonstrate deliberate indifference. See, e.g., Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994) (per curiam) (in the context of his fall and the surrounding circumstances, a two-hour delay was "minor" and plaintiff did not show it "caused any harm.")

Moreover, the fact that Plaintiff was handcuffed when he fell and sergeant Monje refused switch to waist chains after he fell, does not give rise to a claim for deliberate indifference. The Ninth Circuit has stated that forcing a prisoner to wear handcuffs and shackles in the shower does not state an Eighth Amendment claim, "[e]ven if the floors of the shower are slippery" because " 'slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment.' " LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) (quoting Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989) ), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d at 1130. Courts tend to find "that poorly maintained surfaces, [and] wet floors," as Plaintiff alleges here, "do not pose a substantial risk of serious harm supporting a constitutional violation and are merely negligence claims." Pauley v. California, No. 2:18-cv-2595 KJN P, 2018 WL 5920780, at *4, n.1 (E.D. Cal. Nov. 13, 2018).

Lastly, Plaintiff's conclusory claim that Gates had knowledge of the possibility someone could fall in the shower due to the lack of a floor mat, fails to give rise to a cognizable claim as it is nothing more than a potential claim for negligence. The failure to place a mat on the slippery shower floor does not constitute an objectively serious deprivation that denied Plaintiff the minimal civilized measure of life's necessities. Farmer, 511 U.S. at 834; see also Walker v. Reed,

1   104 F.3d 156, 157–58 (8th Cir.1997) (inmate's allegation that he "slipped and fell" because of
2   water on the floor of his barracks bathroom, injuring his arm and shoulder, "alleges only a claim
3   for negligence," and did not state a constitutional claim); Kirby v. Kentucky Correctional
4   Psychiatric Center, 198 F.3d 246 (Table), 1999 WL 1021736 at *2 (6th Cir. Nov.2, 1999)
5   ("Defendants acted, at most, with mere negligence or lack of due care by failing to provide
6   shower mats or railing") (citing Hudson v. McMillian, 503 U.S. 1, 8-9 (1992); Wilson v. Seiter,
7   501 U.S. 294, 298 (1991)); Davis v. Reilly, 324 F.Supp.2d 361, 367 (E.D.N.Y. 2004) (failure to
8   provide shower mats does not rise to level of constitutional violation).  However, even assuming
9   Gates's conduct constituted an objectively serious deprivation, Plaintiff alleges no facts showing
10  that he acted with a sufficiently culpable state of mind. Id. The circumstances alleged do not
11  support an inference that Defendant Gates intended to harm Plaintiff, or that he understood that
12  the slippery floor posed a substantial risk of serious harm to Plaintiff.  Plaintiff's allegations
13  support no more than negligence, and therefore do not state a claim for relief under the Eighth
14  Amendment. See Estelle v. Gamble, 429 U.S. 97, 105 (1976) ("An accident, although it may
15  produce added anguish, is not on that basis alone to be characterized as wanton infliction of
16  unnecessary pain" necessary to demonstrate deliberate indifference).

17        In sum, there are no insufficient facts to support a reasonable inference that Plaintiff
18  possessed some exacerbating condition in addition to the slippery floor, that he was unable to
19  observe the water, or was otherwise unable to provide for his own safety.

20        **B.**    **Further Leave to Amend**

21        If the Court finds that a complaint or claim should be dismissed for failure to state a claim,
22  the court has discretion to dismiss with or without leave to amend. Leave to amend should be
23  granted if it appears possible that the defects in the complaint could be corrected, especially if a
24  plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v.
25  United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to
26  amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that
27  the deficiencies of the complaint could not be cured by amendment." (citation omitted).
28  However, if, after careful consideration, it is clear that a claim cannot be cured by amendment,

1  the Court may dismiss without leave to amend. <u>Cato</u>, 70 F.3d at 1105-06.

2  In light of Plaintiff's failure to provide additional information about his claims despite
specific instructions from the Court, further leave to amend would be futile and the first amended
complaint should be dismissed without leave to amend. <u>Hartmann v. CDCR</u>, 707 F.3d 1114, 1130
(9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").
Here, Plaintiff's allegations fail to give rise to a constitutional violation, and Plaintiff has
previously been given leave to amend on two separate occasions. Accordingly, further leave to
amend the complaint should be denied.

## IV.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief, without further leave to amend.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 12, 2025**

STANLEY A. BOONE
United States Magistrate Judge

7